IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| TRUSTEES OF CONSTRUCTION INDUSTRY WELFARE FUND OF CENTRAL ILLINOIS, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN LEVERENZ MASONRY, INC., an Illinois corporation, <br><br> Defendant. | Civil Action No. 16-cv-2363 <br><br> Hon. Colin S. Bruce, <br> Magistrate Judge Eric I. Long |

## ANSWER TO COMPLAINT

**NOW COMES** defendant John Leverenz Masonry, Inc., by and through its attorneys, Howard & Howard Attorneys PLLC, and for its answer to Plaintiffs' Complaint states as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C, §§1132, 1145 (hereinafter referred to as "ERISA"), and the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a) (hereinafter referred to as "LMRA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

**ANSWER:** The allegations of Paragraph 1 merely purport to state the basis for the litigation and call for no response. To the extent a response may be deemed required, Defendant lacks sufficient information to admit or deny.

2. Plaintiffs bring this action as an "employee welfare benefit fund," and "plan," under ERISA and the LMRA. Plaintiffs are administered within this District and Division at 34 E. Springfield Avenue, Champaign, Illinois Accordingly, venue is appropriate under 29 U.S.C. §1132(e)(2).

**ANSWER:** The allegations of Paragraph 2 merely purport to state the basis for the litigation and call for no response. To the extent a response may be deemed required, Defendant lacks sufficient information to admit or deny.

3. Defendant is an Illinois corporation, with its principal place of business located at 810 Brook Street, Danville, Illinois. Defendant is an "employer" under ERISA and the LMRA.

**ANSWER:** **Admit.**

4. Defendant is obligated to make fringe benefit contributions to the Plaintiff Fund under the terms of the Trust Agreement establishing and outlining the administration of the Fund, and pursuant to the terms of a collective bargaining agreement entered into by Defendant and Bricklayers Local 8, which represents a bargaining unit of Defendant's employees, the members of which are beneficiaries of the Fund.

**ANSWER:** **Because Plaintiff failed to attach the Trust Agreement, Defendant lacks sufficient information to admit or deny.**

5. As an employer obligated to make fringe benefit contributions to the Fund, Defendant is specifically required to do the following:
   (a) To submit to Plaintiffs for each month, by the 15th day of the following month, a report stating the names, social security numbers, and total hours worked or paid in such month for each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;
   (b) To accompany the aforesaid reports with payment of contributions based upon the actual number of hours worked by each covered employee, including overtime hours;
   (c) To make all of us payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;
   (d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay. or untimely payment of, contributions, by way of the payment of liquidated damages in amounts as set forth in the Agreement and Declaration of Taist for any and all contributions which are not timely received by Plaintiffs for a particular month;
   (e) To pay Plaintiffs interest on late employer contributions at the rate of twelve (12) percent per annum, assessable at the rate of one (1) percent per month for each month or fraction thereof the contribution is received more than thirty (30) days beyond the due date;
   (f) To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;
   (g) To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred to compel Defendant to submit its payroll books and records for audit, or to recover delinquent contributions;

**ANSWER:**   Because Plaintiff failed to attach the Trust Agreement, Defendant lacks sufficient information to admit or deny.

6. Defendant is delinquent and has breached its obligations to Plaintiff Fund and its obligations under the plan in the following respect:

Defendant has failed and refused to submit all of its reports to Plaintiffs due to date and/or has failed to make payment of all contributions acknowledged by Defendant thereon to be due Plaintiffs. Defendant is further obligated to pay liquidated damages and interest on all contributions reported and paid late, or remaining unpaid, but has failed and refused to make payment of said liquidated damages and interest,

**ANSWER:**   Because Plaintiff failed to attach the Trust Agreement, Defendant lacks sufficient information to admit or deny.

7. That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by Defendant, there is an unknown amount due Plaintiffs from Defendant, subject, however, to the possibility that additional monies may be due Plaintiffs from Defendant based upon the continuing accrual of interest, and Defendant's failure to submit all required reports or to accurately state all hours for which contributions are due on reports previously submitted. The amounts due are further subject to change based on the possibility that additional contributions, liquidated damages and interest will come due during the pendency of this lawsuit.

**ANSWER:**   Defendant lacks sufficient information to admit or deny.

8. Plaintiff Fund has requested Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

**ANSWER:**   Defendant lacks sufficient information to admit or deny.

9. Defendant's continuing refusal and failure to perform its obligations to Plaintiff Fund is causing and will continue to cause irreparable injuries to Plaintiff for which Plaintiff has no adequate remedy at law.

**ANSWER:**   Deny.

**WHEREFORE,** John Leverenz Masonry, Inc. prays the Complaint be dismissed and that it be awarded such other relief as may be just.

Respectfully submitted,

JOHN LEVERENZ MASONRY, INC.

By: _____/s/ Michael R. Lied_____

Dated: January 13, 2017

HOWARD & HOWARD ATTORNEYS PLLC
Michael R. Lied (ARDC NO. 06197844)
One Technology Plaza, Suite 600
211 Fulton Street
Peoria, Illinois 61602
Telephone: 309-672-1483
mlied@howardandhoward.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2017, I electronically filed Defendant's Answer to Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filings to the following:

Patrick N. Ryan, Esq.
Stephen J. Rosenblat, Esq.
Baum Sigman Auerbach & Neuman, Ltd.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
E-Mail: pryan@baumsigman.com

/s/ Michael R. Lied

4850-4111-2896, v. 1